IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WAYNE GATTI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>P.D. BRAZELTON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE No.   1:12-cv-01452-LJO-MJS (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 8) |

　　　Plaintiff Aaron Wayne Gatti is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on September 6, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court has not yet screened the Complaint. On October 1, 2012, Plaintiff filed an ex parte motion for appointment of counsel (ECF No. 8) which is now before the Court.

　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998)), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary

assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. <u>See</u> <u>Palmer</u>, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); <u>accord</u>, <u>Alvarez v. Jacquez</u>, 415 Fed. Appx. 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); <u>Simmons v. Hambly</u>, 14 Fed. Appx. 918, 919 (9th Cir. 2001) (same); <u>Davis v. Yarborough,</u> 459 Fed. Appx. 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1)").

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court can not make a determination at this early stage of the litigation that Plaintiff is likely to succeed on the merits. The Complaint has not been screened. The asserted medical indifference claim does not appear to be novel or unduly complex, and remains in dispute. It is not clear at this point that Plaintiff's allegations will involve extensive investigation and discovery.

The record in this case including the Complaint demonstrates sufficient writing ability and legal knowledge to articulate the claims asserted. The Court does not find

1  that at present, Plaintiff can not adequately articulate his claim.
2      Additionally, it is not apparent on the record that before bringing this motion
3  Plaintiff made any diligent effort to secure counsel.[1] Plaintiff's lack of funds alone does
4  not demonstrate that efforts to secure counsel necessarily would be futile.
5      For the foregoing reasons, Plaintiff's ex parte motion for appointment of counsel
6  (ECF No. 8) is HEREBY DENIED, without prejudice.

14  IT IS SO ORDERED.
15  Dated:   October 2, 2012           /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).