IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WAYNE GATTI, | CASE No.   1:12-cv-01452-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT |
| vs. | (ECF No. 10) |
| P.D. BRAZELTON, et al., | CLERK DIRECTED TO RETURN A COPY OF THE MOTION TO SUPPLEMENT TO PLAINTIFF |
| Defendants. | |

I.  **PROCEDURAL HISTORY**

Plaintiff Aaron Wayne Gatti is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on September 6, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) He has declined Magistrate Judge jurisdiction. (Decline Magistrate, ECF No. 6.) The Court has not yet screened Plaintiff's Complaint. On October 9, 2012, Plaintiff filed a Motion to Supplement the Complaint (Mot. to Supp., ECF No. 10), which is now before the Court.

II.  **APPLICABLE LAW**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court, or by written consent of the

-1-

adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ . P. 15(a).

"Rule 15(a) is liberal and leave to amend shall be given when justice so requires. Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rule 220.

**III.    ANALYSIS**

Here, Plaintiff asks to file an amendment to his underlying pleading to include exhibits he feels should have been filed with his original complaint. No responsive pleading or motion has been filed in this matter. Plaintiff, at the present time, is not required to seek leave of the Court in order to file an amended complaint **provided it complies with the requirements noted below.**

Plaintiff's Motion to Supplement the Complaint, with exhibits apparently omitted therefrom, is deficient in several respects. The Motion does not include a pleading complete in and of itself without reference to another pleading. Any pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50. A supplemental pleading may not "supplement" as to events occurring prior to the date of the Complaint. Fed. R. Civ. P 15(d).

"The court cannot serve as a repository for the parties' evidence (i.e., prison or

medical records, witness affidavits, etc.). The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court)." (First Informational Order, ECF No. 3 at 4:2-6.)

IV. **ORDER**

Accordingly, for the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's Motion to Supplement (ECF No. 10) is DENIED, and
2. The Clerk of the Court is directed to return a copy of the Motion to Supplement (ECF No. 10) to Plaintiff.

IT IS SO ORDERED.

Dated:   October 23, 2012              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE