# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WAYNE GATTI, | CASE No. 1:12-cv-01452-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| P.D. BRAZELTON, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

## FIRST SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Aaron Wayne Gatti is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed September 6, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has declined Magistrate Judge jurisdiction. (Decline Jurisdiction, ECF No. 6.) Plaintiff's Complaint is now before the Court for screening.

///////

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983.) Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.    SUMMARY OF COMPLAINT

Plaintiff complains Defendants were deliberately indifferent to serious medical needs relating to his surgically reconstructed right heel and improperly denied his related prison grievances, in violation of his Eighth and Fourteenth Amendment rights (Compl. at 19-21), California Constitution Article I Section 17 (Id. at 11), and California Code of Regulations Title 15 Section 3271. (Id.)

In 2007, prior to his incarceration Plaintiff's right heel was surgically reconstructed using internal hardware. (Id. at 43-47.) In early November 2011, while incarcerated at Pleasant Valley State Prison ("PVSP"), Plaintiff's right heel/ankle became swollen. (Id. at 11.) He saw the PVSP triage nurse, and then on November 21, 2011 saw his prison primary care physician, Defendant Dr. Chokatos, who advised he would consult with another doctor and see Plaintiff in a week. (Id.) Defendant Chokatos did not see Plaintiff during the following week. (Id. at 11, 15). Plaintiff then filed the first of several prison grievances seeking medical care. (Id.)

During the following months, Plaintiff repeatedly visited the prison medical clinic because his right foot remained painful and swollen and he had difficultly walking. (Id. at 12-15.) He received pain medication and a medical "lay-in" chrono, and was told he needed to see a specialist. (Id.) He claims that during this time Defendant Chokatos sometimes refused to see him, and refused his requests for an MRI and/or xray. (Id.).

On February 10, 2012, Plaintiff was seen by a neuro-surgeon, who according to Plaintiff ordered a bone scan and blood test because his foot was infected. (Id. at 15-16.)

On April 3, 2012 and again on April 10, 2012, Plaintiff was seen by Defendant Chokatos, who refused definitive treatment telling Plaintiff "there was not enough to go on". (Id. at 16.) Defendant Chokatos also refused Plaintiff's request for a cell feeding chrono. (Id.) Plaintiff was given a cane by prison medical on April 12, 2012. (Id.)

On June 6, 2012 and again on June 14, 2012, Plaintiff traveled to San Joaquin Hospital for bone scans which revealed possible osteomyelitis. (Id. at 17, 68-73.)

In early July 2012, Plaintiff had consults with two specialist physicians who,

according to Plaintiff, indicated they were going to recommend surgery to clean and scrape infection. (Id. at 18.)

On July 18, 2012, Plaintiff saw Dr. Chokatos, who ordered another type of scan of his foot and advised against surgery telling him "there was nothing wrong with his foot." (Id. at 18-19.) On July 30, 2012, Plaintiff had a further imaging scan of his right foot in the prison infirmary. (Id. at 19.)

Plaintiff has not received surgery and claims Defendant Chokatos and the medical and corrections staff at PVSP conspired in denying him treatment (Id. at 13, 19) because he was too close to parole to spend money on treatment and because his foot problem was related to Valley Fever "that PVSP is responsible for him contracting." (Id. at 17, 19-20.)

His related prison grievances and staff complaint[1] were reviewed by Defendants Martinez[2] and Zamora, who failed to investigate, ignored facts, failed to follow (unspecified) procedures and denied his grievances and staff complaint (Id. at 15) saying he had received appropriate treatment and that inmates had no right to demand particular evaluation, treatment, or medication. (Id. at 25-27, 49-50.)

Plaintiff names as Defendants (1) Brazelton, PVSP Warden, (2) Zamora, PVSP Chief of Inmate Appeals, (3) Scott, PVSP Health Care Manager, (4) Chokatos, PVSP

---

[1] The Court takes notice that a staff complaint filed by an inmate is processed as an appeal. Cal. Code Regs. tit 15 § 3084.9(I).

[2] See n.3.

Physician.[3] (Id. at 1-2.)

Plaintiff seeks monetary compensation. (Id. at 21.)

## IV. ANALYSIS

### A. Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).) Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

///////

---

[3] Plaintiff references additional defendants, but they are not listed as Defendants in his Complaint (Compl. at 7-11); i.e., Lonigro, CEO Health Care Services; Martinez, Health Care Appeals; Nesbit, Health Care Appeals; Taherpour, M.D. Plaintiff shall ensure that all whom he wishes to proceed against are properly listed in any amended pleading.

## B.     Personal Participation

To state a claim under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 675–78.

Defendants can not be held liable under § 1983 solely because of their supervisory capacity. There is no respondeat superior liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See Redman v. County of San Diego, 942 F.2d 1435, 1446–47 (9th Cir. 1991) (concluding that knowledge of a policy and practice of overcrowding that allegedly resulted in inmate's rape could be sufficient to establish liability.) "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." Starr v. Baca, 652 F.2d 1202, 1206–07 (9th Cir. 2011). "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Id.

Plaintiff fails to allege facts suggesting Defendant Brazelton, PVSP Warden, and Scott, PVSP Health Care Manager, participated in the alleged federal rights violations or are otherwise linked to the alleged violations. There are no facts suggesting these Defendants participated in or directed the alleged violations, knew of an excessive risk of such violations and then failed to act to prevent them, or were aware of a policy or practice that resulted in these violations. Plaintiff may not proceed against these Defendants unless he alleges facts plausibly claiming each personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to, an excessive risk of violation of his constitutional rights.

### C. Medical Indifference

Plaintiff alleges deliberate indifference to serious medical needs relating to his surgically reconstructed right heel, violating his Eighth Amendment rights.[4]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).) The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).)

---

[4] Plaintiff's medical indifference claim is properly analyzed under the Eighth Amendment, not under the rubric of substantive due process under the Fourteenth Amendment. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060.) In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06.) A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and

"that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances.)

Here Plaintiff's allegation that his surgically reconstructed right heel was chronically swollen and painful and interfered, with mobility and daily activities is sufficient to show a serious medical need. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of a deliberate indifference claim.

However, Plaintiff's  allegations are not sufficient under the above standards to claim Defendants were deliberately indifferent to his medical needs. The pleadings reflect that he has received ongoing access to medical treatment, including repeated visits to the prison clinic, repeated sophisticated medical testing and imagery, medication and medical lay-in, a cane, and referrals to and consultations with specialists inside and outside the prison. Nothing before the Court suggests Defendants

have intentionally denied, delayed or interfered with care or treatment of Plaintiff's medical needs. Rather it appears only that there was and is disagreement between Plaintiff and perhaps some medical practitioners on the one hand and Defendants, or some of them, on the other hand.

Disagreement as to treatment among health professionals and/or between inmate and prison medical staff is not a basis for deliberate indifference unless the course chosen by Defendants is medically unacceptable and with conscious disregard of an excessive risk to his health. Likewise, unnecessary delay in implementing a prescribed or required treatment may constitute deliberate indifference where medically unacceptable under the circumstances. The Complaint's allegations fall short of alleging a clear diagnosis or that Defendants' care and treatment has been medically unacceptable. Plaintiff's desire for alternative or additional test(s), medication(s) and treatment(s), without more is not sufficient to state a federal claim. See Evan v. Manos, 336 F.Supp.2d 255, 261 (W.D.N.Y. 2004) (so long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation). It is not clear that Plaintiff has been definitively diagnosed, or that any definitive treatment plan or surgical recommendation has been made by any health care provider. Diagnostic testing appears to be ongoing. He alleges that the specialist physicians he saw in July 2012 were "going to recommend surgery." (Compl. at 18.) Yet it is not clear surgery has been recommended to Defendants, much less that surgery is the only medically acceptable treatment.

Plaintiff also suggests Defendants have been delaying definitive treatment pending his parole. Failure to provide medically necessary care for purely financial

-10-

reasons can be a basis for a deliberate indifference claim. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (treatment decisions based on budgetary concerns do not shield prison officials from liability for deliberate indifference.) Plaintiff contends non-party medical staff told him his January 2013 parole date (Compl. at 71) influenced the course of treatment provided to him. (Id. at 17.) But he fails to allege facts sufficient under the above standard to enable the Court to identify the basis for such allegation by others and whether they have direct and actual knowledge to support their claim. Even if he had done so, his receipt of ongoing, extensive care and diagnostic testing suggests the contrary, i.e., that inquiry as to the most appropriate treatment continues. There is nothing pled that would enable a cognizable claim that treatment decisions have been based solely upon financial concerns.

Accordingly, Plaintiff has failed to allege deliberate indifference. The Court will grant Plaintiff an opportunity to amend this claim. If he chooses to amend he must set forth sufficient facts showing, in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of each Defendant acting under color of state law.

### D. State Law Claims

#### 1. California Constitution art. 1 § 17

Plaintiff alleges Defendants have violated the California Constitution's cruel and unusual punishments clause. However, Plaintiff has no private right of action thereunder for money damages. His cruel and unusual punishments claim is properly analyzed above, pursuant to the Eighth Amendment of the U.S. Constitution. See Giraldo v. California Dep't of Corr. and Rehab., 168 Cal.App.4th 231, 253-57 (Cal.Ct.

-11-

App. 2008) (citing Katzberg v. Regents of the University of California, 29 Cal.4th 300, 329 (2002)) (there is no private cause of action for damages for violation of the cruel and unusual punishments clause of the California Constitution at article 1, § 17); Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir. 1992) (citing Payne v. Superior Court, 17 Cal.3d 908, 914 at n.3 (Cal. 1976)) (the discussion of plaintiff's federal constitutional claim resolves both the federal and state constitutional claim.)

### 2. Cal. Code Regs. tit. 15 § 3271

Plaintiff alleges that Defendants have violated Cal. Code Regs. tit 15 § 3271, which provides:

> "Every employee, regardless of his or her assignment, is responsible for the safe custody of the inmates confined in the institutions of the department."

Plaintiff fails to allege facts suggesting Defendants have not provided for his safe custody for the reasons state above. His medical indifference claim is properly analyzed above, pursuant to the Eighth Amendment. He does not allege facts suggesting his custody and the conditions of his confinement are otherwise unsafe.

Even if Plaintiff had sufficiently alleged a violation of prison regulations, such is not redressable under § 1983. The Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations. See e.g. Gonzaga University v. Doe, 536 U.S. 273, 283-86 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); Parra v. Hernandez, 2009 WL 3818376 at *8 (S.D. Cal. Nov. 13, 2009); Davis v. Kissinger, 2009 WL 256574 at *12 n.4 (E.D. Cal. Feb. 3, 2009), adopted in full, 2009

WL 647350 (Mar. 10, 2009).

Plaintiff fails to state claims under State law. He will not be given leave to amend these claims.

### E.     Due Process [5]

Plaintiff alleges Defendants failed to properly process and respond to his inmate grievances and staff complaint.[6]

Defendants' actions in responding to Plaintiff's prison appeals and staff complaint alone can not give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure.) Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez, 334 F.3d at 860, when the

---

[5] Plaintiff references the Fifth Amendment (Compl. at 21). Plaintiff's due process claim is properly analyzed under the Fourteenth Amendment rather than the Fifth Amendment; "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

[6] See n.1.

Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure.

Plaintiff fails to state a due process claim relating to his prison appeals and staff complaint. He will not be given leave to amend this claim.

### F. Conspiracy

Plaintiff alleges that Defendants conspired "to deny [his] medical needs at the supervisory levels." (Compl. at 13.)

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation. Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980). A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 151–52 (2nd Cir. 1987).

Plaintiff's allegation of a conspiracy is merely conclusory, premised on conjecture and surmise. He alleges neither an agreement nor facts implying an agreement. More significantly, for the reasons stated above he fails to allege any predicate violation of his federal rights by these Defendants.

Plaintiff fails to state a conspiracy claim cognizable under § 1983. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing all of the above noted elements attributable to each of the Defendants.

## V.    **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant him an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 667-68. He must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555.) He must also demonstrate that each named Defendant personally participated in a deprivation of his rights under color of state law. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). He should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

-15-

8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed September 6, 2012,

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittoria, 658 F.3d at 1009, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   October 31, 2012          /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE