# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WAYNE GATTI, | CASE No.    1:12-cv-01452-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 13) |
| P.D. BRAZELTON, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| _____/ | |

## SECOND SCREENING ORDER

### I.    PROCEDURAL HISTORY

Plaintiff Aaron Wayne Gatti is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed September 6, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has declined Magistrate Judge jurisdiction. (Decline Magistrate, ECF No. 6.) Plaintiff's Complaint was screened by the Court and dismissed for failure to state a claim, but Plaintiff was given leave to file an amended complaint.

-1-

(Order Dismiss. Compl., ECF No. 12.) Plaintiff has filed a First Amended Complaint (First Am. Compl., ECF No. 13) which is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   ANALYSIS

### A.   Summary of First Amended Complaint

Plaintiff's First Amended Complaint does not clearly name Defendants liable thereon, includes no factual allegations or claims, and is uncertain as to relief sought.

The First Amended Complaint names in the caption Defendants who are not listed as Defendants in Section III "Defendants". (First Am. Compl. at 1, 2-3 § III.)

As statement of claim, the First Amended Complaint refers to an attached listing of Defendants purportedly extracted from an unspecified habeas corpus proceeding, and is devoid of facts of the case. (Id. at 3 § IV.)

For relief,  the First Amended Complaint seeks unspecified monies purportedly sought in the unidentified habeas proceedings, and is devoid of other facts. (Id. at 3 § V.)

## B.    Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## C.   **No Cognizable Claim Stated**

The First Amended Complaint does not include any discernable description of any alleged violation of any of Plaintiff's constitutional rights. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff has not advised the Court of what claims he intends to plead or the bases for them. He fails to state a cognizable claim.

The original complaint alleged Defendants, the Pleasant Valley State Prison ("PVSP") warden and certain PVSP medical staff,[1] conspired to act with deliberate indifference to Plaintiff's serious medical needs by denying treatment of his surgically reconstructed right heel (Compl. at 13, 19-21) and denying his related grievances (Id. at 19-21) because he was too close to parole to spend money on treatment and because his foot problem was related to Valley Fever "that PVSP is responsible for him contracting" (Id. at 17, 19-20), violating his Eighth and Fourteenth Amendment rights (Id. at 19-21), California Constitution Article I Section 17 (Id. at 11), and California Code of Regulations Title 15 Section 3271. (Id.) The Complaint sought relief in the form of monetary compensation. (Id. at 21.)

In screening that Complaint, the Court determined that Plaintiff failed to state any cognizable claim. (Order Dismissing Compl. at 15:2.) Plaintiff failed to link Defendants Brazelton, PVSP Warden, and Scott, PSVP Health Care Manager to the alleged

---

[1] The Complaint named as Defendants (1) Brazelton, PVSP Warden, (2) Zamora, PVSP Chief of Inmate Appeals, (3) Scott, PVSP Health Care Manager, (4) Chokatos, PVSP Physician. (Compl. at 1-2.)

-4-

violations. (Id. at 3.) His Eighth Amendment medical indifference claim was dismissed because he did not explain how he was treated with deliberate indifference. (Id. at 9:21-11:18.) His Fourteenth Amendment due process claim relating to handling of his prison grievances was dismissed without leave to amend because he identified neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. (Id. 13:4-14:4.) His state law claims were dismissed without leave to amend because he demonstrated no entitlement to a private remedy under the California Constitution and state prison regulations. (Id. at 11:19-13:3.) His conspiracy claim was dismissed with leave to amend because his allegations were merely conclusory, unsupported by facts suggesting an agreement to violate Plaintiff's federal rights or a predicate rights violation. (Id. at 14:5-27.)

Plaintiff's First Amended Complaint offers far less detail than the original Complaint and fails to correct the deficiencies identified by the Court in its previous screening order. Plaintiff may have mistakenly believed he could file an amended complaint curing a pleading deficiency identified by the Court without re-alleging the facts of the claim. However, the Court's previous screening order provided Plaintiff with the following instruction:

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the

involvement of each defendant must be sufficiently alleged. The amended

complaint should be clearly and boldly titled "First Amended Complaint", refer to

the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although

accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

relief above the speculative level . . . ."

(Order Dismiss. Compl. at 15:17-16:2.)

The Court will provide Plaintiff **one final opportunity** to amend. Should Plaintiff

choose to amend, he must include all relevant factual allegations in one document;

references to facts alleged in preceding complaints will be disregarded.

The following sections of this order provide legal standards applicable to what

the Court believes may be Plaintiff's intended claims. Plaintiff will be provided a copy of

the Court's original screening order (ECF No. 12), filed November 1, 2012, so he can

refer to the Court's legal analysis of his previously stated facts.

### D.   Personal Participation

To state a claim under § 1983, Plaintiff must demonstrate that each individually

named defendant personally participated in the deprivation of his rights. Jones v.

Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that

the term "supervisory liability," loosely and commonly used by both courts and litigants

alike, is a misnomer. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each

defendant, through his or her own individual actions, violated Plaintiff's constitutional

rights. Id. at 675–78.

Defendants can not be held liable under § 1983 solely because of their

-6-

supervisory capacity. There is no respondeat superior liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See Redman v. County of San Diego, 942 F.2d 1435, 1446–47 (9th Cir. 1991) (concluding that knowledge of a policy and practice of overcrowding that allegedly resulted in inmate's rape could be sufficient to establish liability.) "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." Starr v. Baca, 652 F.2d 1202, 1206–07 (9th Cir. 2011). "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Id.

## E.   Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and

"that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances.)

A plaintiff's desire for alternative or additional test(s), medication(s) and treatment(s), without more is not sufficient to state a federal claim. See Evan v. Manos, 336 F.Supp.2d 255, 261 (W.D.N.Y. 2004) (so long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.)

Failure to provide medically necessary care for purely financial reasons can be a basis for a deliberate indifference claim. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (treatment decisions based on budgetary concerns do not shield prison officials from liability for deliberate indifference.)

## F.   Conspiracy

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory

violation. <u>Landrigan v. City of Warwick</u>, 628 F.2d 736, 742 (1st Cir. 1980). A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. <u>Zemsky v. City of New York</u>, 821 F.2d 148, 151–52 (2nd Cir. 1987).

**IV.    <u>CONCLUSION AND ORDER</u>**

Plaintiff's First Amended Complaint does not state a claim for relief under § 1983. The Court will grant him **one final opportunity** to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 667-68. He must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 678, quoting <u>Twombly</u>, 550 U.S. at 555. He must also demonstrate that each named Defendant personally participated in a deprivation of his rights under color of state law. <u>Jones</u>, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). He should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux, 375 F.2d at 57. Once an amended complaint is filed, the original complaint no longer serves any

function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form, (2) a copy of his First Amended Complaint filed November 21, 2012, and (3) a copy of the Court's November 1, 2012 Order Dismissing the Complaint with Leave to Amend (ECF No. 12),

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order,

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittoria, 658 F.3d at 1009, 1098 (9th Cir. 2011), and

///////

-11-

5.    The Clerk shall serve Plaintiff at the following addresses:

Aaron Wayne Gatti
J-98306
California Correctional Institution (1905)
P.O. Box 1905
Tehachapi, CA 93581

and

Aaron Wayne Gatti
J-98306
1261 Southwood Dr.
San Luis Obispo, CA 93401.


IT IS SO ORDERED.

Dated:    November 30, 2012          /s/ *Michael J. Seng*

                          UNITED STATES MAGISTRATE JUDGE

-12-