1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

AARON WAYNE GATTI,

               Plaintiff,

    v.

P.D. BRAZELTON, et al.,

               Defendants.

_____/

CASE No.    1:12-cv-01452-LJO-MJS (PC)

FINDINGS AND RECOMMENDATION THAT ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS

     Plaintiff Aaron Wayne Gatti is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed September 6, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Complaint and First Amended Complaint were dismissed for failure to state a claim, but Plaintiff was given leave to amend. (ECF Nos. 12, 15.) Plaintiff filed a Second Amended Complaint on December 26, 2012 (ECF No. 18); it has not been screened by the Court.

1    On December 10, 2012, Court mail to Plaintiff was returned as "Undeliverable,

2  Discharged 11/8/12." Since then, Plaintiff has not provided the Court with a current

3  address.[1]

4
5    Local Rule 183(b) provides that "[a] party appearing in propria persona shall

6  keep the Court and opposing parties advised as to his or her current address [and if]

7  mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal

8  Service, and if such plaintiff fails to notify the Court and opposing parties within

9  sixty-three (63) days thereafter of a current address, the Court may dismiss the action

10 without prejudice for failure to prosecute." See Henderson v. Duncan, 779 F.2d 1421,

11
12 1424 (9th Cir. 1986) (a court may dismiss an action for lack of prosecution and failure to

13 comply with local rules).

14    In determining whether to dismiss an action for lack of prosecution, the Court

15 must consider several factors: (1) the public's interest in expeditious resolution of

16 litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the

17 defendants; (4) the public policy favoring disposition of cases on their merits; and (5)

18 the availability of less drastic sanctions. Henderson, 779 F.2d at 1423; Carey v. King,

19
20 856 F.2d 1439, 1441 (9th Cir. 1988). The Court finds that the public's interest in

21 expeditiously resolving this litigation and the Court's interest in managing the docket

22 weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely

23 based on Plaintiff's failure to notify the court of his address. The third factor, risk of

24 prejudice to the defendants, also weighs in favor of dismissal, since a presumption of
25

26    [1] The Second Amended Complaint, filed after Court mail was returned, references the previously
27 undeliverable address. The CDCR Inmate Locator provides no address for Plaintiff.

-2-

injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Accordingly, for the reasons stated above the undersigned RECOMMENDS that this action be dismissed without prejudice for failure to prosecute.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 4, 2013                    /s/ Michael J. Seng
                                    UNITED STATES MAGISTRATE JUDGE